## Millcreek Township *versus* Cyrus Reed *et uxor.*

29    195
26 SC ¹226
29    195|
210    341|

An authority to lay out and alter a road is an authority to substitute a new road for an old one, and to vacate the old road as soon as the new one is laid out.

The laying out of a new road is in the nature of a proceeding *in rem*, and binds all the world.

ERROR to the Court of Common Pleas of *Erie county*.

This was an action against the township of Millcreek to recover damages for an injury to Mrs. Reed, happening to her on account of the upsetting of her carriage, caused by an obstruction in the highway. The Erie and Waterford Turnpike and Parade street, are two parallel roads, running south from the city of Erie, 217 rods apart. The road on which the injury happened was, and had been a regularly laid out road since 1824. In 1846 the road commissioners of Millcreek township, upon a petition of citizens, laid out and opened a new road between the aforesaid two roads, locating it about 60 rods north of the before-mentioned cross road, and vacated the said road. In 1853 the Erie and Waterford Plankroad was built, south from the city of Erie, between the turnpike and Parade street, about thirty rods from the turnpike, and for the convenience of the public, that portion of the vacated road between the turnpike and plank-road was left open and travelled. In September, 1853, Mr. Reed with his wife in a carriage attempted to drive along this road, which at that time was obstructed by timber. The wheel of the carriage struck the timber—overturned the carriage—Mrs. Reed was thrown out and her leg broken; for the recovery of damages for which injury this suit was brought. The road commissioners worked on that road in the early part of the summer of 1853.

On the 13th April, 1843, the legislature passed a special act, changing the road laws of Erie county—abolishing the office of supervisor, and giving the entire control of roads to three commissioners. The 20th section, *P. L.* 217, enacts, *inter alia,* "'That it shall be the duty of the said commissioners to take the general charge and supervision of all the roads and bridges in each of the said townships in said county (county bridges excepted), and to lay out and alter the same at the request in writing of the citizens of said township, if they shall deem the same necessary,'" &c.

In 1846, the legislature by sections 8 and 9 of Act of 26th March, *P. L.* 176, provided a way of setting aside a road laid out by the commissioners, recovering damages, &c.

Under this act, Cassimer Siegel, a citizen of Millcreek, commenced proceedings to vacate the road laid out by the commis-

[Millcreek Township *v.* Reed *et ux.*]

sioners, and restore the old road, in which he was unsuccessful, the court confirming the act of the commissioners.

On the trial of this case plaintiffs went through with their testimony and rested, and defendant offered in evidence the township record, vacating the said road and laying out a new road, and also the record of the suit of Siegel in Court of Common Pleas, in which the acts and proceedings of the commissioners in this proceeding were confirmed, which evidence was objected to on the ground that it was *res inter alios acta*, and that the commissioners had no authority or jurisdiction to vacate a road; that the law only authorized them to lay out and alter, not to vacate, which objections were sustained by the court (GALBRAITH, P.), and the evidence rejected, which rejection constitutes the first and second assignments of error in this case.

*Marshall*, for the plaintiff, contended that the authority to *lay out and alter* gave or carried with it an authority to *vacate*, and that the proceedings under the road laws of Erie county are proceedings *in rem.* · And that the acts of the commissioners in laying out and altering the roads, confirmed by the proceedings pointed out by the Act of 1846, are conclusive against all the world as to road or no road. Orders of justices in questions of settlement are conclusive against all the world: 1 *Stark Ev.* 240–243. The recovery against a third person by the patentee of an invention is *prima facie* evidence of the validity of the patent: McCay *v.* Barr, 6 *Barr* 150; Truby *v.* Seybert, 2 *J.* 102.

*Thompson* and *Grant*, for defendants.—The Act of 1843 only gives authority to lay out and alter, not to vacate. The authority to vacate still remains in the Quarter Sessions: Act of 1836, § 18, *P. L.* 558. So the legislature understood the law, and passed a special act, giving authority to vacate it: Act of 15th April, 1857, *P. L.* 206, § 2. The board of road commissioners are a special tribunal, having a special and limited jurisdiction, and must submit to a strict construction of their powers: Zack *v.* The Pennsylvania Railroad Company, 1 *Casey* 394; Smith *v.* Moffat, 1 *Barb.* 65; Young *v.* McKenzie, 3 *Kelley* 31; Schuyler & Co. *v.* Mercer Co., 4 *Gilm.* 20. The road commissioners are *quasi* a corporation, and can take no power or jurisdiction by construction: Commonwealth *v.* E. & N. E. R. R. Co., 3 *Casey* 33. These proceedings are *inter alios acta*, and the plaintiff not being a party, is not bound by them. The road was never closed up. The township authorities did work on it in 1853, and treated it as a public road, and are bound by their act.

The opinion of the court was delivered November 4, 1857, by LEWIS, C. J.—This was an action on the case brought by Cyrus

[Millcreek Township *v.* Reed *et ux.*]

Reed and Wife, for an injury occasioned to Mrs. Reed, by reason of an alleged road being out of repair. The township offered the proceedings of the road commissioners of Millcreek township, showing that a new road had been substituted for the one where the injury occurred, and that the latter had been vacated before the time of the injury. The court rejected the evidence on the ground that the commissioners had no authority to vacate the road. The 20th section of the Act of 13th April, 1843, authorizes the commissioners " to take the general charge and supervision of all the roads and bridges in each of the townships in the said county (of Erie), county bridges excepted, and to lay out *and alter the. same* at the request in writing of the citizens," &c. The authority to alter a road is an authority to substitute a new road for an old one, and whenever this is done, the old road, so far as it is supplied by the new one, is vacated. The road commissioners had therefore authority to vacate any road within their jurisdiction, as soon as they supplied its place by a new one answering the same purposes. The proceedings of the road commissioners, for aught that appears, were in accordance with their powers, and ought to have been received in evidence. The proceedings instituted by Cassimer Siegel against the road commissioners, under the eighth and ninth sections of the Act of 26th March, 1846, were a part of the proceedings relating to the confirmation of the act of the commissioners in altering the road in question. All these proceedings related to a public right. Any citizen might have taken part in them, and all are bound by them. The laying out of a public road is in the nature of a proceeding *in rem*, and binds all the world. The confirmation at the suit of Cassimer Siegel is made by the statute " final and conclusive in regard to the road for two years." This does not mean that the whole proceedings are null and void at the expiration of two years. It means no more than to suspend for two years all efforts to change the road thus altered or laid out. At the end of two years new petitions for altering the road may be presented. But until the action of the commissioners be regularly reversed, according to law, their proceedings are conclusive on all matters within their powers.

The first and second assignments of error are sustained. The evidence ought to have been received.

Judgment reversed and *venire facias de novo* awarded.