# Township of Mahanoy *versus* Comry, to use.

1. The legislature has the right to direct the laying out of a specific road.

2. The Act of April 7th 1873 (P. L. 541), provided for the construction of a state road by commissioners who were authorized to pay the contractors for the same by orders drawn upon the various townships through which the road passed, in sums proportioned to the entire cost as the length of the road in the said several townships was to the entire length thereof. The commissioners accordingly drew several warrants in favor of A. upon the treasurer of B. township, for work done upon a portion of the road entirely within C. township. In an action by A. against B. upon these warrants, payment of which had been demanded and refused : *Held*,

(1.) That the fact that defendant would thus be obliged to pay more

[Township of Mahanoy v. Comry, to use.]

than the sum expended in building that portion of the road within its own limits did not render the Act unconstitutional.

(2.) That although the warrants did not bear interest from their dates, yet after the township had refused to pay the same, a right of action accrued, and interest was therefore properly allowed upon the same from the time of bringing suit.

April 17th 1883. Before MERCUR, C. J., GORDON, TRUNKEY, STERRETT, GREEN and CLARK, JJ. PAXSON, J., absent.

ERROR to the Court of Common Pleas of *Schuylkill county :* Of January Term 1883, No. 280.

Assumpsit, by Andrew Comry to the use of Andrew Robertson, against the township of Mahanoy. The narr. contained the common counts for work and labor done and special counts upon thirteen several warrants or orders differing only in dates and amounts. The following is a copy of one :

" No. 81.          MAHANOY CITY, June 12th 1874.
To JOHN COCKLIN, treasurer of the township of Mahanoy,
    County of Schuylkill, State of Pennsylvania.
    " Pay to Andrew Comry, or bearer, one hundred dollars and charge to account of State road, in the counties of Schuylkill and Luzerne, authorized by an Act of Assemby, approved April 7th 1873.                    WILLIAM H. BARLOW,
                                    JNO. R. PORTER,
                                    PHILIP HUNSINGER,
                                            Commissioners."

On the trial, before PERSHING, J., the following facts appeared : By a special Act of Assembly, approved April 7th 1873 (P. L. 541) the above named Barlow, Porter and Hunsinger, were appointed commissioners, to view, lay out and open a road leading from Mahanoy city, in Schuylkill county, to a point in the road at or near the junction of Black and Nescopeck creeks in Luzerne county. It was made their duty, after preparing surveys and drafts of the proposed route, and filing the same in the quarter sessions of the several counties through which the road should pass, to give public notice of the receipt of the proposals for the opening and making of said road, said proposals to embrace either the whole or certain portions of said road, and to award the contract for making and opening said road, either in whole or in portions, to the lowest and best bidder ; and in the event of the lowest bidder failing to file a required bond, then to allot the said contract to the next highest bidder, &c.

The Act further provides as follows :—

" Section 4. The said commissioners are hereby authorized and empowered to draw warrants, in favor of the contractor or contractors on the treasurers of the several townships through

[Township of Mahanoy v. Comry, to use.]

which said road shall pass, for such sum as may be necessary to build or construct so much of said road as the relative length in such township may be to the entire length thereof; and the several townships through which said road shall pass, are hereby authorized and empowered to levy and collect a special tax, not exceeding two mills in any one year on the assessed valuation of such township; said tax shall be levied and collected at the same time and in like manner as other county and township rates and levies are made and collected; said tax so collected shall be applied only to the payment of the warrants herein before mentioned."

The commissioners, in pursuance of the Act, after due notice, let contracts for making the road in sections. The lowest bidder for the section in East Union township failed to give the required bond, whereupon the commissioners awarded the contract therefor to Andrew Comry, who was the next lowest bidder, and who gave the necessary bond. The orders or warrants in suit were drawn by the commissioners, under the authority vested in them by the above section, upon the treasurer of Mahanoy township, and the authority of the township to levy a special tax, to be specially applied to the payment of the construction of this road. It appeared from the evidence that Mahanoy township levied but one special tax in 1874 and had levied none since then.

There was evidence that the plaintiff had substantially completed his contract, and the commissioners issued to him the warrants in suit. There was also evidence that the plaintiff or his assignee had presented them for payment to the treasurer of Mahanoy township, who refused to pay them. This suit was thereupon brought by Comry to the use of his assignee.

The defendant requested the court to charge, inter alia, as follows:

2. "That that part of section 4 of the Act of Assembly of the 7th of March 1873, seeking either directly or indirectly to charge or levy a tax upon the citizens of Mahanoy township to defray the expenses of making a road in East Union township, as the undisputed facts of this case show is attempted, is unconstitutional and void, and therefore the verdict of the jury should be in favor of the defendant." Refused.

4. " That any remedy that the legal plaintiff, Comry, or that Robertson, the real plaintiff, may have, must be against East Union township, where the evidence shows that the work was done, and not against the township of Mahanoy." Refused.

6. " If the jury find in favor of the plaintiff, interest on these warrants cannot be allowed, as there is no obligation or contract to pay interest thereon." Refused.

[Township of Mahanoy v. Comry, to use.]

The court charged as follows : " If you find that these commissioners complied with the Act of Assembly, .and that Comry complied substantially with his contract, and that these orders were issued in good faith for the work as it progressed, and, as the commissioners testified, for work that was done, although the suit is brought for that proportion of Mahanoy township's obligation covering work done in East Union township, then plaintiff would have a right to recover."

Verdict for the plaintiff for $2,440.63 and judgment thereon. Whereupon defendant took this writ, assigning for error, inter alia, the answers of the court to defendant's points, as above noted.

*James F. Grady* and *William B. Wells*, for the plaintiff in error.—This Act of Assembly conferred a novel and special jurisdiction. It was in derogation of the common law and the general statutes, and should be strictly construed : East Union Township *v.* Ryan, 5 Norris 459. This is a local assessment for a general public benefit and is unconstitutional. The assessment of a tax on real estate in rural districts according to the frontage rule of valuation, has often been held unconstitutional : Washington Avenue Case, 19 P. F. Smith 352 ; Seely *v.* Pittsburg, 1 Norris 360 ; Kaiser *v.* Weise, 4 Norris 366 ; Craig *v.* Philadelphia, 8 Norris 265 ; Philadelphia *v.* Rule, 12 Norris 15. Orders or warrants such as those in this suit are not contracts, and interest is not recoverable in a suit upon them : Dyer *v.* Covington, 7 Harris 200 ; Allison *v.* Juniata, 14 Wright 351 ; Bank of Northumberland *v.* Rush School District, 32 P. F. Smith 307. This principle is recognized in East Union *v.* Ryan, 5 Norris 463, a case growing out of this Act of Assembly, where the court expressly so ruled.

*J. W. Ryan* (with whom were *George H. Troutman* and *George R. Kaercher*), for defendant in error.—This Act has been thrice before the Supreme Court and construed in East Union *v.* Ryan, 5 Norris 459 and East Union *v.* Comrey, 4 Out. 362. The cases of Washington Avenue, 19 P. F. Smith 352, &c. do not apply. In these cases the power of special taxation was so exercised as to throw the whole burden of a public improvement upon a few individuals to the exclusion of others, securing equal or greater benefits. In this case the taxes must be levied by the constituted authorities, based upon the valuation of property fixed for all other purposes of taxation, and the burden falls upon all of the taxable inhabitants in the townships through which the road extends : People *v.* Mayor of Brooklyn, 4 N. Y. 429 ; Sharpless *v.* Mayor, 9 Harris 171.

[Coleman's Appeal.]

Chief Justice MERCUR delivered the opinion of the court,
May 7th 1883.

We do not think the statute which provided for the building
of this road, is unconstitutional. The authority of the state to
direct the laying out of a specific road, has often been exer-
cised. The right has been recognized from an early day in the
history of the Commonwealth. It has generally been exercised
to supply a necessity in a large district of territory, which poor
or conflicting local districts were unable to supply. The facts
brought this legislation within that rule. The jury have found
that the defendant in error substantially complied with his con-
tract to build the road, and that the commissioners in all re-
spects performed their duties in regard to the letting thereof;
and that after demand made, the township failed to pay or to
levy a tax for that purpose.

The fact that the plaintiff in error is required to pay more
than the sum expended in building that portion of the road
within its limits, does not make the claim invalid. That portion
by no means constitutes the only benefit which it derives from
the road. It is a continuous highway. The whole road bene-
fits each township through which it passes. The rule of fron-
tage valuation, in a populous city, and the exemption of outly-
ing rural property therefrom, have no application to a case like
the present.

It may be conceded that the orders did not draw interest from
their respective dates. Yet after the township was in default
of payment and a right of action had accrued, and this suit was
actually commenced, we see no error in allowing interest. We
discover no error in the admission of evidence.

Judgment affirmed.