## In re Road in Milford Township

*Harold F. Kerchner*, for exceptant.

*Andrew Banks*, contra.

TROUTMAN, P. J., October 1, 1951.—On July 25, 1950, certain "citizens, qualified electors and residents" of Milford Township, Juniata County, a second-class township, petitioned this court for the appointment of viewers to view and lay out a public road in the township. Viewers were appointed and on October 2, 1950, filed their report, laying out a proposed road, which report was confirmed nisi. On December 14, 1950, before final confirmation the Supervisors of Milford Township filed exceptions to the reports, alleging, inter alia, that

"1. The Court of Quarter Sessions of the Peace of Juniata County, Pa., is without jurisdiction for the reason that the proceedings are not in conformity with the Act of July 10, 1947, P. L. 1481, as amended.

"2. The Court of Quarter Sessions of the Peace of Juniata County, Pa., has no jurisdiction to appoint viewers to determine the propriety of laying out a road upon the petition of qualified electors without the record affirmatively showing that the subject had been first acted upon by the supervisors of that township."

The matter is now before the court for determination.

There is no power in this court ex mero motu to lay out public roads. This is a legislative and not a judicial function and must be exercised in conformity with the mandate of the acts of assembly and within the limits prescribed by statute. The legislature may directly lay out and order roads to be opened: Smedley v. Erwin et al., 51 Pa. 445. The more usual method is to constitute agents for such purpose. It may designate a commission or commissioners: Millcreek Township v. Reed et ux., 29 Pa. 195; Township of Mahanoy v. Comry to use, 103 Pa. 362. The long established agency employed by the legislature, however, has been the court of quarter sessions, assisted by viewers selected by it, under the General Road Law of June 13, 1836, P. L. 551, 36 PS §1781, as amended. However, the Act of July 10, 1947, P. L. 1481, recodified the Second Class Township Code and by section 15, 53 PS §19093-1101, provides:

"The township supervisors may enact, ordain, survey, *lay out*, open, widen, straighten, vacate, and relay all roads and parts thereof which are wholly within the township, upon the petition of a majority in interest of the owners of property or properties through whose land such road passes, or upon whose land it abuts, or without petition of the owners of abutting property, if in the judgment of the supervisors, it is necessary for the public convenience . . ."

Section 49 of the same act provides that:

"It is the intention that this Act shall furnish a complete and exclusive system for the government and regulation of townships," except as to certain matters not here relevant.

It would clearly appear that the township supervisors are now the properly designated agents of the legislature to lay out public roads and that this court has no power in the first instance to act upon a petition for the appointment of viewers: In re Vacation of Road in Middlecreek Township, 68 D. & C. 559 (1949) and Big Beaver Township Road, 69 D. & C. 486 (1949), are cases in accord. In the case of In re Public Road in Dallas Township, 75 D. & C. 45 (1950), it was held that the Second Class Township Code of July 10, 1947, established a procedure to lay out and vacate roads in addition to the prior procedure under the General Road Law of June 13, 1836, but that the Amendment of May 2, 1949, P. L. 819, to the Second Class Township Code evidenced the intention of the legislature of repealing the General Road Law of 1836 as it related to second class townships. The court did not cite nor consider the effect of section 2201 of the Act of 1947.

Petitioners contend that if the exceptions are sustained "residents", "citizens", "inhabitants" and "freeholders" of a township will have no right to initiate proceedings to lay out, or vacate a road. The General Road Law of 1836 authorized the court of quarter sessions to appoint viewers "on being petitioned to grant a view for a road within the respective county. . . ." The act does not prescribe the qualifications of the persons on whose petition the court of quarter sessions may act. By common practice in this county, "citizens, qualified electors and residents" of the townships in which the proposed road was located petitioned the court but probably the inhabitants of any township in the county could petition for a road in any other township thereof: Road in New Hanover Township, 2

Montg. 40; Road in Friendsville and Middletown, 16 Pa. C. C. 172. Under the provisions of the Second Class Township Code of 1947, sec. 1101, the township supervisors may lay out a road: (1) Upon petition of a majority in interest of the owners of property or properties through whose land such road passes or upon whose land it abuts, or (2) without petition, if in the judgment of the supervisors, it is necessary for the public convenience. The right to initiate proceedings to lay out a public road is therefore apparently considerably narrowed and petitioners contend that hardship will result. Section 16 of the Act of July 10, 1947, 53 PS §19093-1102 (c), provides that any "citizen or freeholder" of the township may except to the action of the supervisors in laying out a road within 30 days after filing of the report of the supervisors in the office of the clerk of the court of quarter sessions. It would therefore, appear that any citizen or freeholder of the township may except to, but not initiate, proceedings laying out a public road. Such seems to be the language and intent of the legislature and the court cannot enlarge it by judicial interpretation. The Act of May 2, 1949, P. L. 819, amended section 1101 of the code by providing:

"When any petition is presented to the township supervisors under the provisions of this section and the supervisors fail to act on the petition within sixty (60) days, the petitioners may present their petition to the court of quarter sessions which shall proceed thereon as provided by the general road law."

It is to be noted that the petition must have been presented to the supervisors "under the provisions of this section". The qualification of persons upon whose petition the court can act after their remedy with the supervisors has been exhausted is still confined to a majority in interest of the property owners through whose land such road passes or upon whose land it

abuts and is not extended to citizens or freeholders of the township in general. The question does not seem to have been previously passed upon. It is the opinion of this court that if hardship or inequity will result the remedy of petitioners must rest with the legislature.

In accordance with the foregoing the court makes the following

### Order

And, now, October 1, 1951, the first and second exceptions to the report are sustained and the viewers' return is set aside and order of this court heretofore made appointing a board of viewers is vacated.